# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WAGSTAFF & CARTMELL LLP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-00870-CV-W-GAF ) |
| NEAL R. LEWIS, | ) ) |
| Defendant. | ) |

## ORDER

Now before the Court are Plaintiff Wagstaff & Cartmell LLP's ("Plaintiff" or "Wagstaff") Motion to Exclude the Expert Testimony of Neal R. Lewis (Doc. # 132); Plaintiff's third Motion for Summary Judgment (Doc. # 134); and Defendant Neal R. Lewis's ("Defendant" or "Lewis") Rule 60(b) Motion for Reconsideration/Modification of October 24, 2019 Order Denying Defendant's Motion for Discretionary Dismissal. (Doc. # 147). Defendant opposes Plaintiff's Motions (Docs. ## 139, 144) and Plaintiff opposes Defendant's Motion. (Doc. # 151). The parties have also filed reply briefs for their respective motions. (Docs. ## 142, 150, 152). For the following reasons, Defendant's Motion for Reconsideration is DENIED; Defendant's quantum meruit counterclaim is DISMISSED with prejudice; and Plaintiff's Motion to Exclude Expert Testimony and third Motion for Summary Judgment are DENIED as moot.

## DISCUSSION

### I. PROCEDURAL HISTORY

On November 1, 2018, Wagstaff filed its Complaint seeking a declaratory judgment regarding attorney's fees in relation to a wrongful death lawsuit initiated in a multi-district litigation case in the Northern District of Ohio and later transferred to its district of origin, the

District of Arizona, for trial, captioned *Allen v. American Capital Limited, et al.*, Case No. 2:16-cv-02876-JAT ("Allen lawsuit"). (Doc. # 1). Wagstaff pleaded that subject matter jurisdiction was proper in this Court pursuant to diversity jurisdiction. (*Id.*). Lewis, then proceeding *pro se*, filed his Answer and Counterclaim on November 26, 2018. (Doc. # 4). In response, Wagstaff filed a Motion to Dismiss Defendant's Counterclaim and a Motion for Summary Judgment. (Docs. ## 9, 11). Thereafter, Lewis, still proceeding *pro se*, filed an Amended Answer and Counterclaims and a Motion for Order Dismissing Plaintiff's Motions as Moot. (Docs. ## 13, 14). Wagstaff then filed a Motion to Dismiss Defendant's Amended Counterclaims. (Doc. # 17). After this flurry of filings, the Court issued an Order denying the Motion to Dismiss Defendant's Counterclaim as moot; granting in part and denying in part Lewis's Motion for Order Dismissing Plaintiff's Motions as Moot; and ordering Lewis to show cause why Wagstaff's Motion for Summary Judgment should not be granted. (Doc. # 20).

Counsel for Lewis appeared on January 10, 2019. (Doc. # 21). Seven days later, Lewis filed a Motion to Dismiss for lack of jurisdiction, arguing that the Court lacked subject matter jurisdiction because there was not complete diversity of the parties, and moved to stay the case pending resolution of the jurisdictional issues. (Docs. ## 25, 27). The Court subsequently stayed the case to determine if jurisdiction existed and referred the jurisdictional issue to a magistrate judge for hearing. (Doc. # 30).

On February 7, 2019, the late Honorable Magistrate Judge Matt J. Whitworth presided over an evidentiary hearing regarding the domicile of Lewis at the time the case had been filed. (Doc. # 38). The parties presented testimony from witnesses and various exhibits. (Doc. # 39). Based on the record developed at the hearing, the Court determined it had subject matter jurisdiction over the case and ordered Lewis to respond to Wagstaff's Motion for Summary Judgment and Motion

2

to Dismiss Defendant's Amended Counterclaims. (Doc. # 42). The stay was also lifted. (*Id.*).

Lewis then filed a Notice of Voluntary Dismissal, or in the alternative, Motion for Leave to Dismiss Counterclaims without Prejudice, and Motion for Leave to File Second Amended Pleading. (Docs. ## 43, 45). Over the course of the next month, the parties submitted their briefs on all outstanding issues and Lewis filed a Motion for Leave to File Sur-reply on the Motion to Dismiss Defendant's Amended Counterclaims. (Docs. ## 44, 46, 48-55). On May 7, 2019, the Court determined Lewis could not voluntarily dismiss his counterclaims without leave of Court and denied Lewis's alternative Motion for Leave to Dismiss Counterclaims without Prejudice. (Doc. # 57, pp. 4-6). The Court also denied his Motion for Leave to File Second Amended Pleading because, in part, Lewis was attempting to state his quantum meruit counterclaim as an affirmative defense. (*Id.* at pp. 6-8). However, in that same Order, the Court granted Wagstaff's Motion to Dismiss Defendant's Amended Counterclaims, including the quantum meruit counterclaim. (*Id.*). The next day, the Court denied Wagstaff's first Motion for Summary Judgment as premature. (Doc. # 58).

Discovery finally commenced. After a few months of discovery, Wagstaff filed its second Motion for Summary Judgment on July 22, 2019. (Doc. # 70). Four days later, Lewis filed his second Motion for Leave to File Second Amended Pleading. (Doc. # 77). Then on September 10, 2019, Lewis filed his Motion for Discretionary Dismissal Without Prejudice. (Doc. # 93). On October 24, 2019, the Court granted in part and denied in part Wagstaff's second Motion for Summary Judgment and denied Lewis's second motion for leave to amend and motion to dismiss. (Doc. # 97). In denying Lewis's motion to dismiss, the Court noted abstention was not warranted because there was no parallel state action and the six factors set forth in *Scottsdale Insurance Company v. Detco Industries, Incorporated*, 426 F.3d 994 (8th Cir. 2005), weighed in favor of

3

hearing the case. (*Id.* at pp. 6-8). In denying Lewis's motion for leave to amend, the Court noted that Lewis was once again attempting to disguise a quantum meruit counterclaim as an affirmative defense. (*Id.* at pp. 8-10). The ruling on the second Motion for Summary Judgment narrowed the issues remaining in the case to whether Lewis is entitled to some compensation for work he did on the Allen lawsuit at Wagstaff's behest after Ms. Allen retained Wagstaff and, if so, the amount and value of such work. (*Id.* at p. 13). As the Court later explained in a subsequent Order, the ruling on the second summary judgment motion effectively reconsidered and partially reinstated Lewis's quantum meruit counterclaim. (*See* Doc. # 124, p. 7).

Thereafter, the parties sought an extension of certain deadlines. (Docs. ## 100, 103, 107). In the briefing of the motion to extend, it became apparent the parties did not agree on the scope of the remaining issues. (Doc. # 109, pp. 3-5). In the Order extending deadlines dated December 11, 2019, the Court reiterated that "the only remaining issues are (1) whether Defendant did any work on the Allen lawsuit at Plaintiff's behest and (2) if so, the amount and value of such work." (*Id.* at p. 5).

On December 12, 2019, the Court held a telephone conference with the parties during which Lewis continued to express some confusion regarding the scope of the remaining issues. (Doc. # 112). In response to those concerns, the Court defined "behest" as "request," otherwise reaffirmed its analysis of the remaining issue in the December 11, 2019 Order, and verbally issued a protective order requiring discovery, whether a 30(b)(6) deposition or otherwise, be limited to the remaining issues: (1) whether Lewis did any work on the Allen lawsuit at Wagstaff's request, and (2) if so, the amount and value of such work. (*Id.*).

Despite the protective order, Lewis persisted in seeking discovery on issues resolved by prior orders during the deposition of Jonathan Kieffer, Wagstaff's designated 30(b)(6) witness.

4

(Doc. # 119-2; Doc. # 124, pp. 3-4).  As a result, Wagstaff filed its Motion for Further Protective Order and Other Relief.  (Doc. # 118).  In the Order dated May 11, 2020, the Court again reiterated the remaining issues and the scope of discovery allowed.  (Doc. # 124, pp. 6-10).  In an effort to ensure the parties adhered to the protective order and to prevent further discovery abuses, the Court appointed a special master to preside over the continuation of Kieffer's deposition.  (*Id.* at pp. 14-15).  The pending motions followed.

## II.     MOTION FOR RECONSIDERATION (Doc. # 147)

### A.     Legal Standard

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  Under Rule 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Some "Eighth Circuit caselaw suggests that motions to reconsider [under Rule 54(b)] 'are nothing more than Rule 60(b) motions when directed at non-final orders.'"  *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010) (quoting *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006)).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from an order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  The moving party must show "'exceptional

5

circumstances' warranting 'extraordinary relief.'" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). "'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" *Id.* (quoting *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)). Nor is it "a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990. While a district court has wide discretion in deciding whether to grant a Rule 60(b) motion, the Eighth Circuit has warned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

However, other courts have determined that a district court "has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider brought pursuant to Rule[] . . . 60(b)." *Disc. Tobacco Warehouse*, 2010 WL 3522476, at *2; *see also Garrett v. Albright*, No. 4:06–CV–4137–NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008). A court has "an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Heubel Material Handling, Inc. v. Universal Underwriters Ins. Co.*, No. 4:10-CV-00102-DGK, 2011 WL 1458654, at *2 (W.D. Mo. Apr. 15, 2011). "Accordingly, [a district court] may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Disc. Tobacco Warehouse*, 2010 WL 3522476, at *2; *see also Commerce Bank v. U.S. Bank Nat'l Ass'n*, No. 4:13-CV-00517-BCW, 2015 WL 12806575, at *1 (W.D. Mo. Nov. 2, 2015).

**B.     Analysis**

Lewis argues that the Court should reconsider its October 24, 2019 Order denying his Motion for Discretionary Dismissal because (1) purportedly new evidence shows that the attorney-client contract entered into between Ms. Allen and Wagstaff is void and unenforceable; and (2) Lewis, as the injured party, should be permitted to select the forum and time for suit against Wagstaff, the putative tortfeasor, in a tort action rather than through a declaratory action seeking a declaration of nonliability.  (Docs. ## 147, 149).  Wagstaff argues that, under the less-stringent standard for reconsideration of interlocutory rulings set forth in cases like *Discount Tobacco* and *Commerce Bank*, the Court should deny reconsideration because he had a fair opportunity to argue the matter previously and the Court reached the right decision in its October 2019 Order.  (Doc. # 151).  The Court agrees with Wagstaff.

In his Motion for Discretionary Dismissal and again in this Motion for Reconsideration, Lewis is asking the Court to abstain from exercising its subject-matter jurisdiction over this matter. The Court is fully aware that Lewis disagrees with its factual finding that he was a citizen of Indiana at the time the case was initiated, which resulted in the Court having diversity jurisdiction over the declaratory judgment claims arising under state law.  As the Court has jurisdiction over the matter, it also has a "virtually unflagging obligation" to exercise jurisdiction over this case. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Although the Declaratory Judgment Act, 28 U.S.C. § 2201, grants the Court substantial discretion to decide whether to abstain in deference to a parallel state suit, *GEICO Cas. Co. v. Hollandsworth*, No. 4:18-cv-00197-DGK, 2019 WL 342165, at *2 (W.D. Mo. Jan. 28, 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)), there is no parallel state action here.  Accordingly, the Court's discretion is more restricted.  *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d

7

958, 968 (8th Cir. 2013).

As stated in the October 2019 Order, the Eighth Circuit has directed district courts to examine six factors when determining whether to exercise jurisdiction over a declaratory judgment action when no parallel state action is pending. *Scottsdale Ins. Co..*, 426 F.3d at 998-99. Those factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 998 (internal quotation marks, citations, and alterations omitted).

The analysis of these six factors has not changed. If anything, the factors weigh even stronger in favor of the Court retaining jurisdiction. Importantly, there is still no pending parallel action in any other court. The parties have completed discovery and a bench trial in this matter is less than two months away. Considerations of judicial economy and wise judicial administration would be wholly defeated if the Court were to dismiss the case at this juncture. *See Lexington Ins.*, 721 F.3d at 967-68.

Moreover, Lewis's arguments for reconsideration are merely a reframing of the arguments he raised during the briefing on the original Motion for Discretionary Dismissal and throughout the briefing of the many other issues considered and decided by the Court thus far. Lewis has consistently argued that he is the victim of Wagstaff's wrongdoing from his initial answer to

present. Initially, he requested the Court grant him relief through counterclaims but, after obtaining counsel, his strategy changed. He has attempted to evade the Court's jurisdiction ever since.

The Court has recognized from nearly the outset of this case that violations of the rules of professional conduct likely occurred during the representation of Ms. Allen in the Allen lawsuit by both Wagstaff and Lewis. Was Wagstaff's Contract for Employment with Ms. Allen void and unenforceable? It very well may be. However, Ms. Allen is the person that has standing to assert that claim. Lewis was not and is not a third-party beneficiary to the contract between Wagstaff and Ms. Allen. The only reason the Court has addressed the enforceability of Lewis's contingency-fee agreement with Ms. Allen is because he asserted that that agreement was one basis for his claim for a portion of the attorney's fees from the Allen lawsuit.

The Court does not disagree with Lewis that two separate contingency-fee agreements for the same legal matter likely violates ethical responsibilities to the client. And the Court suspects that if Lewis sought to enforce his contingency-fee agreement by filing suit against Ms. Allen, she would likely assert a third-party claim against Wagstaff for the same while also asserting a defense that her contingency-fee agreement with Lewis was void. However, that is not the posture of this matter. And there is no parallel suit pending in some other court asserting such claims. As such, abstention is not warranted.

### III. DAUBERT & SUMMARY JUDGMENT MOTIONS (Docs. # 132 & 134)

Wagstaff seeks summary judgement on the two issues the Court has identified as remaining in the case: (1) whether Lewis did any work on the Allen lawsuit at Wagstaff's request; and (2) if so, the amount and value of such work. (Doc. # 134). Lewis argues these two issues derive from Wagstaff's initial declaratory judgment complaint, specifically its fourth and fifth requests that the

9

Court declare: (d) that Lewis is not entitled to any attorney's fee in relation to the Allen lawsuit; and (e) that Plaintiff is not responsible for compensating Lewis for any attorney's fee in relation to the Allen lawsuit. (Doc. # 144, p. 22). Lewis's argument is not accurate.

When ruling on Wagstaff's second summary judgment motion, the Court determined evidence existed showing Lewis had done some work on the Allen lawsuit at Wagstaff's request after Wagstaff was retained by Ms. Allen, and therefore, may be entitled to compensation in quantum meruit. (Doc. # 97, p. 13). With this finding, the Court declined to enter the fourth and fifth declaratory judgments requested by Wagstaff. This same finding also partially reinstated Lewis's previously dismissed quantum meruit counterclaim, as the Court explained in its May 2020 Order. (*See* Doc. # 124, p. 7). It is Lewis's quantum meruit counterclaim that requested the Court declare the amount of fees and expenses to which he is entitled to receive in quantum meruit from the funds being held by Wagstaff. (Doc. # 13, p. 35-36, ¶ 240). As stated in the December 2019 Order, Missouri law places the burden on Lewis to prove that his attorney's fees are fair and reasonable in quantum meruit claims. (*See* Doc. # 109, p. 5 (citing *Williams v. Cass*, 372 S.W.2d 156, 161 (Mo. Ct. App. 1963)).

Despite the fact that the Court has made it clear in prior rulings that Lewis's quantum meruit counterclaim is still before the Court, Lewis has chosen to abandon it at this juncture. (Doc. # 144, pp. 33-34). In abandoning his counterclaim, Lewis indicates that he seeks dismissal without prejudice so that he can pursue his claims elsewhere. (*Id.*). "It is not [the Court's] duty to question such abandonment." *Cretcher Lynch & Co. v. Nat'l Council on Comp. Ins., Inc.*, 149 F.3d 817, 820 (8th Cir. 1998). However, abandonment of a claim does not result in a dismissal without prejudice. Abandonment of a claim is akin to a failure to prosecute. *See, e.g., Amsinger v. I.R.S.*, No. 4:13CV00281 ERW, 2013 WL 6008208, at *2 (E.D. Mo. Nov. 13, 2013) (treating abandoned

10

claims, not as a voluntary dismissal, but as a failure to prosecute); *Ozeroglu v. Hershewe Law Firm, P.C.*, No. 08-5070-CV-SW-RED, 2010 WL 11509013, at *3 (W.D. Mo. Mar. 17, 2010) (dismissing abandoned claims with prejudice). This is especially true where, as here, a litigant has delayed the proceedings by ignoring court orders and repeatedly attempting to avoid the Court's jurisdiction. *See Amsinger*, 2013 WL 6008208, at *2. Under the Federal Rules of Civil Procedure, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As such, Lewis's quantum meruit counterclaim is dismissed with prejudice, thereby mooting Wagstaff's third Motion for Summary Judgment and Motion to Exclude the Expert Testimony of Neal R. Lewis.

## CONCLUSION

Lewis has not established that the Court should reconsider its ruling denying his Motion for Discretionary Dismissal. Lewis has abandoned his quantum meruit counterclaim. Accordingly, all outstanding issues in this case have been resolved and Wagstaff's pending motions are moot. For these reasons and the reasons set forth above, Lewis's Motion for Reconsideration (Doc. # 147) is DENIED; Lewis's quantum meruit counterclaim is DISMISSED with prejudice; and Wagstaff's Motion to Exclude Expert Testimony (Doc. # 132) and third Motion for Summary Judgment (Doc. # 134) are DENIED as moot.

**IT IS SO ORDERED.**

          s/ Gary A. Fenner
          GARY A. FENNER, JUDGE
          UNITED STATES DISTRICT COURT

DATED: October 29, 2020